UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PRIME NEURO SPINE INSTITUTE,**<br><br>Plaintiff,<br><br>v.<br><br>**BLUE CROSS BLUE SHIELD OF ILLINOIS,**<br><br>Defendant. | Civ. No. 2:25-cv-01823 (WJM)<br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff Prime Neuro Spine Institute brings this action against Defendant Blue Cross Blue Shield of Illinois ("BCBSIL") seeking confirmation of seven Independent Dispute Resolution ("IDR") determinations under 9 U.S.C. § 9 and alleging violations of the No Surprises Act. ECF No. 1. Before the Court are two motions: (1) BCBSIL's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) or, alternatively, for failure to state a claim under Rule 12(b)(6); and (2) Plaintiff's cross-motion to confirm the IDR determinations and stay discovery. ECF Nos. 10 & 12. For the reasons below, BCBSIL's motion is **GRANTED** and Plaintiff's cross-motion is **DENIED**.

### I. BACKGROUND

Plaintiff is a New Jersey-based medical provider specializing in neurosurgery. Compl. ¶¶ 1, 5, ECF No. 1. Defendant BCBSIL, an independent Blue Cross Blue Shield licensee, is an unincorporated division of Health Care Service Corporation, a Mutual Legal Reserve Company, formed and organized pursuant to Illinois law with its headquarters in Chicago. Rainey Decl. ¶¶ 5-6, ECF No. 10-1.[1] On April 27, 2023, a surgeon employed by Plaintiff performed a spinal procedure on a patient at a facility in Denville, New Jersey. Compl. ¶ 6. At the time of the procedure, the patient was the beneficiary of a trade association health plan ("Plan"). *Id.* at ¶ 7. According to BCBSIL, the Plan itself is the "claims administrator" and BCBSIL is merely the Plan's "network administrator." Rainey Decl. ¶ 20. BCBSIL maintains that it does not contract with any healthcare providers in New Jersey, nor has it established or maintained a network of providers in New Jersey. *Id.*

---

[1] In deciding BCBSIL's motion to dismiss for lack of personal jurisdiction, the Court considers the Complaint's allegations together with the Declaration of Shelly Rainey, the Certification of Evan Gilman, and related exhibits. *See Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 603-04 (3d Cir. 1990) (observing that courts may evaluate documents outside of the pleadings in evaluating a 12(b)(2) motion).

1

at ¶ 9. Rather, it operates in Illinois and contracts with Illinois-based employer groups and healthcare providers in that state. *Id.* at ¶¶ 6-8.

Although the Complaint alleges that the procedure occurred at Plaintiff's facility in Denville, New Jersey, it does not assert that the patient actually resides in New Jersey. Instead, it notes that Plaintiff is out-of-network with Defendant. Compl. ¶ 9. The patient's Plan is based in Pennsylvania—suggesting patient resides there—and the Complaint offers no allegations connecting either the patient or the Plan to New Jersey.[2] *See* Rainey Decl. ¶ 20. While the Plan excludes coverage for out-of-network services, the procedure was performed under emergent or inadvertent circumstances and is therefore allegedly subject to reimbursement under the No Surprises Act, 42 U.S.C. § 300gg-111. *See* Compl. ¶¶ 9–10.

After Plaintiff treated the patient, it submitted a claim to BCBSIL seeking payment for the services. *Id.* at ¶ 7. BCBSIL allowed a portion of the charges and remitted $71,941.25 to Plaintiff. *Id.* at ¶ 11. Dissatisfied with BCBSIL's payment determination, Plaintiff invoked the No Surprises Act, opened a 30-day negotiation window, and filed multiple IDR demands. *Id.* at ¶¶ 13-16. While BCBSIL objected to the eligibility of six of the IDR proceedings, it did not otherwise participate in or consent to any of the seven proceedings. Rainey Decl. ¶¶ 21-22. In March 2024, the certified IDR entity ruled in Plaintiff's favor, but BCBSIL did not tender additional payments. Compl. ¶¶ 17-37. Plaintiff filed a two-count Complaint on March 31, 2025, seeking (1) confirmation and enforcement of the IDR awards under 9 U.S.C. § 9 and (2) a private right of action for alleged non-payment pursuant to the No Surprises Act. *Id.* at ¶¶ 38-51. BCBSIL filed its motion to dismiss on May 2, 2025. ECF No. 10. Plaintiff opposed, and BCBSIL replied. ECF Nos. 12 & 17.

## II.   LEGAL STANDARD[3]

Rule 12(b)(2) permits a defendant to move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). To establish personal jurisdiction, a "plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-416, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). Once a defendant raises a jurisdictional defense under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of

---

[2] The Complaint also fails to explain why an individual who appears to reside out of state sought care at an out-of-network facility in New Jersey, aside from stating that the treatment was provided "emergently/inadvertently." *See* Compl. ¶¶ 9–10.

[3] Because the Court determines that it lacks personal jurisdiction and does not reach the motion to dismiss for failure to state a claim, it does not recite the Rule 12(b)(6) or address the parties' Rule 12(b)(6) arguments. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

establishing sufficient facts showing that jurisdiction is proper over each defendant. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007); *see Mellon Bank (PSFS), Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). Where, as here, the Court has not held an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, "the plaintiff need only establish a prima facie case of personal jurisdiction and ... is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004); *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).

### III. DISCUSSION

The analysis begins by assessing whether BCBSIL is subject to general jurisdiction in New Jersey; if not, the inquiry turns to specific jurisdiction.

#### A. General Jurisdiction

The Court first finds that BCBSIL's contacts with the forum do not justify general jurisdiction. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011). Typically, a corporation is "at home" in the place of incorporation and the principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014). General jurisdiction may also arise in "the 'exceptional case' where 'a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State.'" *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 173 (D.N.J. 2016) (citation omitted); *see also Daimler AG*, 571 U.S. at 139 n.19. To establish an exceptional case, a plaintiff must present evidence that reasonably demonstrates the corporation's forum state contacts are so extensive that they exceed the entity's connections with other jurisdictions. *Abira Med. Labs., LLC v. Blue Cross & Blue Shield of Illinois*, No. 24-00955, 2024 WL 4345411, at *3 (D.N.J. Sept. 30, 2024) (citing *Ontel Prod. Corp. v. Mindscope Prod.*, 220 F. Supp. 3d 555, 560 (D.N.J. 2016)).

Here, there is no allegation that New Jersey is BCBSIL's state of incorporation or principal place of business and Plaintiff does not refute in its opposition that BCBSIL was formed and organized under Illinois law with its headquarters in Chicago. Further, Plaintiff provides no compelling evidence that BCBSIL's New Jersey contacts are "so substantial" as to render it at home here. Participation in the "Blue Card" association program—a network-sharing arrangement run by Blue Cross Blue Shield—does not change that calculus. *See Bayada Nurses, Inc. v. Blue Cross Blue Shield of Michigan*, No. 08-1241, 2008 WL 2945388, at *4 (E.D. Pa. July 30, 2008) (observing that the plaintiff's allegations regarding the Blue Card program are insufficient for the Court to determine general jurisdiction in Pennsylvania). There is simply nothing in the record to establish that BCBSIL's operations in New Jersey are so substantial that they give rise to the exceptional case of general jurisdiction. *See Abira Med. Labs., LLC v. IntegraNet Physician Res., Inc.*,

No. 23-03849, 2024 WL 1905754, at *3 (D.N.J. Apr. 30, 2024). This Court therefore does not have general jurisdiction over BCBSIL.

### B. Specific Jurisdiction

The Court also lacks specific personal jurisdiction over BCBSIL. To establish specific jurisdiction, Plaintiff must show: (1) BCBSIL purposefully directed activities at New Jersey; (2) the claims arise out of those activities; and (3) exercising jurisdiction would be fair. *Metcalfe*, 566 F.3d at 334. The focus of whether specific jurisdiction over a non-resident defendant exists is on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) (citation modified). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284.

The purported forum contacts here consist of BCBSIL's processing of Plaintiff's claim through the "Blue Card" program (as described above), its partial reimbursement for the medical services in question, and its provision of explanation of benefits. Compl. ¶ 11; Pl. Opp. 12-13. However, courts within the Third Circuit have determined that such payments and informational correspondence, initiated by a patient's travel, are too incidental to establish purposeful availment. *See, e.g., Blue Cross Blue Shield of Illinois*, 2024 WL 4345411, at *4-5 (finding no specific jurisdiction in New Jersey over BCBSIL despite allegations that BCBSIL processed and paid certain claims and communicated with Plaintiff about those matters); *IntegraNet Physician Res., Inc.*, 2024 WL 1905754, at *4 (no specific jurisdiction in New Jersey over Texas companies that allegedly paid twenty claims to Plaintiff in New Jersey); *Abira Med. Labs., LLC v. Johns Hopkins Healthcare LLC*, No. 19-05090, 2020 WL 3791565, at *5 (E.D. Pa. July 7, 2020) (no specific jurisdiction in Pennsylvania over Maryland LLC despite it routinely paying a portion of Plaintiff's claims).

Absent additional facts demonstrating that BCBSIL deliberately targeted and purposefully availed itself of New Jersey's protections and benefits, the Court cannot establish specific jurisdiction over BCBSIL. The contacts at issue are merely passive and do not reflect the deliberate engagement with New Jersey that due process requires for exercising specific jurisdiction over a non-resident defendant.[4]

### IV. TRANSFER OF VENUE

Where, as here, jurisdiction is lacking, a district "court shall, if it is in the interest of justice, transfer such action ... to any other such court ... in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had

---

[4] Given that the first prong is not satisfied, the Court need not examine the remaining factors in detail. Nevertheless, requiring an Illinois network administrator to litigate every dispute wherever a beneficiary happens to receive care would be fundamentally unfair and inconsistent with due process. *See Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 592 U.S. 351, 359 (2021).

4

been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred." 28 U.S.C. § 1631. The Third Circuit has explained that "a district court that lacks personal jurisdiction must at least consider a transfer." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). But "[t]he district court does ... have 'broad discretion' not to transfer." *Id.* (citation and quotation marks omitted). Here, the Court finds that transfer would not serve the interest of justice under these circumstances, where the parties have conducted no discovery, engaged in minimal briefing, and neither party has requested transfer to a specific alternative forum. *See Klick v. Asbestos Corp., Ltd.*, Civ. No. 20-16654, 2021 WL 2666709, at *4 (D.N.J. June 28, 2021) ("[A]s the parties have not identified courts that may hear this case, nor have Plaintiffs argued they would be barred from refiling elsewhere, the Court declines to sever and transfer the claims against [Defendant] to another jurisdiction.").

## V. CONCLUSION

For the reasons stated, (1) BCBSIL's motion to dismiss pursuant to Rule 12(b)(2) is **GRANTED**, and, in the absence of jurisdiction, (2) Plaintiff's cross-motion to confirm the IDR determinations and stay discovery is **DENIED AS MOOT**. The case is **DISMISSED WITHOUT PREJUDICE**. An appropriate Order follows.

WILLIAM J. MARTINI, U.S.D.J.

DATE: July 23, 2025